36 C.C.P.A.(Patents)

### LANDON P. SMITH, Inc. v. B. T. BABBITT, Inc.

### No. 5615.

United States Court of Customs and Patent Appeals.

June 28, 1949.

Walter C. Ross, Springfield, Mass. (William L. Edmonston, Washington, D. C. of counsel), for appellant.

Emery, Varney, Whittemore & Dix, New York City (Manvel Whittemore, New York City Charles F. Miller, Jr., and Edmund H. Parry, Jr., Washington, D. C. of counsel), for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Judges.

O'CONNELL, Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents, 75 U.S.P.Q. 143, affirming the decision of the Examiner of Interferences sustaining appellee's notice of opposition to the registration of the term "Red Devil" as a trademark "for Bodies of Intermingled Metallic Ribbon-Like Abrasive Elements for Hand use for Cleaning and Scouring Metallic and Other Surfaces" which include a metal body, copper colored pot cleaner.

A petition for reconsideration of his decision was denied by the commissioner.

Appellee's opposition was based upon the alleged ownership of its trade-mark consisting of the notation "Red Devil Cleanser," above which appears the pictorial representation of a red devil and above to the left of which appear, in small print, the words "Show me the Dirt," for use as a cleanser or cleaning, scouring, or washing powder. The word "cleanser" was disclaimed.

Appellant alleged continuous use of its mark on the described goods since June 1937. The earliest registration of the mark upon which appellee relied was issued January 5, 1926, upon an application filed August 3, 1925. That registration was renewed January 5, 1946.

Appellant took testimony and its testimony and the exhibits of the parties in the said opposition proceedings were made part of the present record. Appellee took no testimony but introduced certain documents as exhibits in accordance with a written stipulation between the parties. Each of the parties filed a brief and was represented at final hearing.

It is conceded by counsel for appellee that appellant had engaged in the hardware business and used its mark on numerous articles, not related to the goods here in issue, prior to the use by appellee of its mark on the instant goods. In that aspect of the case, the record discloses a letter, appellee's Exhibit No. A, written to appellee by appellant on March 9, 1936, which embodied an agreement for the settlement of certain prior oppositions brought by appellee against appellant and provided for the future and concurrent use of the trade-mark "Red Devil" by the respective parties on any of appellant's goods which were not like the goods then sold by appellee. That letter, however, has been in nowise relied upon by the tribunals of the Patent Office nor by counsel for the parties to this appeal.

Appellant argues that the involved marks are not confusingly similar; that the goods do not possess the same descriptive properties; and that appellee has not sustained its burden of proof.

The court is unable to agree with appellant's contention that the distinguishing and dominant features of appellee's mark consist of the pictorial representation of the outstretched arms of the depicted devil holding a can and a brush, and the words "Show me the Dirt" and "Cleanser." The word "cleanser," as hereinbefore stated, has been disclaimed by appellee apart from the mark, and in a legal sense the words "show me the Dirt" are mere surplusage. The goods of the parties would be known and called for by the words "Red Devil." Those two words are identical with the two words for which appellant seeks registration and are the dominant part of each of the marks. Accordingly, the statute prohibits the registration of the mark as against the prior user thereof on goods

of the same descriptive properties.[1] Skol Company, Inc. v. Olson, 151 F.2d 200, 33 C.C.P.A., Patents, 715.

The evidence in the record discloses that appellant had previously used the mark containing the notation "Red Devil" on various tools for various trades, such as putty knives, wall-scrapers, wood-scrapers, and the like, which would be normally purchased and used by painters, paper hangers, carpenters, and other tradesmen, whereas appellant's pot cleaners here in issue are such as would be usually and normally purchased by housewives for use in the kitchen in cleaning and scouring pots and pans and for the same purpose as appellee's cleaning and scouring powder. The examiner and the Commissioner of Patents were clearly of that opinion, and both concluded that appellant's pot cleaners and appellee's powders might well be used for the same household chores and held accordingly that the instant goods are of the same descriptive properties.

We are compelled to agree with the holding of the tribunals of the Patent Office hereinbefore described as well as their holding that, since appellee was the first to use the mark on the class of goods here in issue, appellant's registration of the mark is prohibited by the mandate of the statute. United Battery Mfg. Co., Ltd. v. United Metal Box Co., Inc., 90 F.2d 260, 24 C.C.P.A., Patents, 1220; Oppenheim, Obern-dorf & Co., Inv. v. President Suspender Co., 55 App.D.C. 147, 3 F.2d 88.

Appellant's contention that the use of the mark "Red Devil" on pot cleaners occurred in the normal expansion of its business and that, accordingly, appellant is entitled to the registration of the mark prior to the registration of appellee's mark is not a valid contention, under the circumstances of this particular case. In re Continental Motors Corp., 135 F.2d 1017, 30 C.C.P.A., Patents, 1054, 57 U.S.P.Q. 550.

With respect to appellant's contention that appellee offered no evidence to the effect that washing powders and pot cleaners are frequently purchased through the same channels and used together at the same kitchen sink for the same general purpose, we agree with the holding of the Commissioner of Patents that judicial notice may be properly taken to that effect.

In view of the conclusions hereinbefore expressed, we deem it unnecessary to discuss other points raised by counsel for the respective parties, and the decision of the Commissioner of Patents is accordingly affirmed.

Affirmed.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.

---

[1] 15 U.S.C.A. § 1052.